IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Brittany Ball, | C/A No. 3:14-770-TLW-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Paul Allen Derrick, *individually and as a Deputy Sheriff for the County of Richland*; Leon Lott, *Sheriff of Richland County*; Richland County Sheriff's Department; Richland County, SC, | |
| Defendants. | |

The plaintiff, who is represented by counsel, brought this action seeking relief pursuant to 42 U.S.C. § 1983. On March 2 and 3, 2015, Defendants Lott, Richland County, Richland County Sheriff's Department, and Paul Allen Derrick filed motions for summary judgment.[1] (ECF Nos. 67 & 69.)

On March 19, 2015, the plaintiff filed motions for an extension of time in which to file her response to the defendants' motions for summary judgment. (ECF Nos. 76 & 78.) The court granted the plaintiff's motions by docket text order on March 19, 2015. (ECF No. 79.)

Despite her extension of time, the plaintiff failed to respond to the motions. The court filed an order on April 7, 2015, advising the plaintiff that it appeared to the court that she was not opposing the motions and wished to abandon this action, and giving the plaintiff an additional seven days in which to file her response to the defendants' motions for summary judgment. (ECF No. 87.)

---

[1] Defendant Buffalo Wild Wings also filed a motion for summary judgment, but pursuant to the parties' stipulation of dismissal, this defendant has been terminated from this action. (ECF No. 89.)

The plaintiff was specifically warned that if she failed to respond, this action may be decided on the record presented in support of the defendants' motions, or may be recommended for dismissal with prejudice for failure to prosecute. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b). Following this warning, the plaintiff requested additional time to respond to the defendants' motions. (ECF Nos. 90 & 91.) The court granted the plaintiff's motion by docket text order. (ECF No. 93.) Despite her additional extension of time, the plaintiff has still failed to respond to the defendants' motions. Therefore, the plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982).[2]

## RECOMMENDATION

Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. See Davis, 588 F.2d at 70; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990); Fed. R. Civ. P. 41(b). In light of the court's recommendation, the court further recommends that any pending motions (ECF Nos. 67 & 69) be terminated.

April 24, 2015  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties are referred to the Notice Page attached hereto.*

---

[2] She is personally responsible for proceeding in a dilatory fashion, the defendants are suffering prejudice by continuing to have these claims clouding their careers and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. Chandler Leasing Corp., 669 F.2d at 920.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).